■ In the Matter of EUGENE D'ANGELO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* review respondent's determination, dated May 15, 1974, made after a hearing, dismissing petitioner from his employment as a transit patrolman, he appeals from a judgment of the Supreme Court, Kings County, dated January 9, 1975, which denied the application and dismissed the petition. Judgment affirmed, with costs. The determination was amply supported by the record. In affirming, we mention briefly two of the points raised on appeal by petitioner. The first is that he was denied the opportunity to offer proof in his own behalf when the hearing officer abruptly terminated the hearing. The record shows that the officer terminated the hearing at the close of respondent's cross-examination of petitioner, who had testified at length and controverted most, if not all, of the evidence offered by respondent. There was no indication by petitioner that he had additional evidence to offer; in the 26 days between the hearing and respondent's decision, petitioner made no request to reopen the hearing. The second point is that it was improper for the hearing officer to consider petitioner's prior disciplinary record with respondent while the hearing was in progress and prior to a finding of guilt or innocence. We agree and stress that prior disciplinary records should be considered only on the question of what sanction should be imposed. While we disapprove of this conduct, petitioner was not unduly prejudiced thereby; he made no objection when the prior record was introduced into evidence and he thereafter relied upon that record to bolster his own position at the hearing. We have considered the other points raised by petitioner and find them to be without merit. Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.

■ In the Matter of BARRY ELISOFON, Appellant, v IRVING ANKER, as Chancellor, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to permanently enjoin respondents from removing petitioner as a teacher, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered April 2, 1975, as, upon reargument, adhered to the original determination, and, *inter alia,* dismissed the petition. Judgment affirmed insofar as appealed from, without costs. We have not considered the merits of petitioner's argument that he acquired tenure by estoppel or acquiescence. That argument will not be before us until an appeal is taken from the disposition to be made of his proceeding to (1) review the Chancellor's determination, made after a hearing pursuant to section 105a of the by-laws of the Board of Education of the City of New York and (2) stay his removal from his teaching position. Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.